THE PEOPLE EX REL. MILLS V. JOBS.

7   475|
23   309

1. A special charter granted to a municipal corporation before the adoption of the constitution is not abrogated by that instrument unless in conflict therewith.

2. The office of police judge, with jurisdiction to enforce town ordinances, is authorized by section 1, article VI, of the constitution.

3. The unconstitutionality of one part of a statute does not necessarily render the whole of the statute void.

*Error to District Court of Clear Creek County.*

THIS was an action brought to determine whether the office of police judge, provided for by the charter of Georgetown, was abrogated by the subsequent adoption of the constitution.

Mr. W. T. HUGHES, for plaintiff in error.

Messrs. MORRISON and FILLIUS, for defendant in error.

HELM, J.   The demurrer in this case was properly sustained.   Under the legislative enactments existing, of which this court takes judicial notice, the complaint does not state a cause of action.

The charter of Georgetown became a law prior to the adoption of the constitution; so far, therefore, as not inconsistent with the latter instrument, this charter remained in force after the adoption thereof.

The fact that it is local or special legislation does not, under the circumstances, affect its validity.   *The People ex rel. v. Commissioners of Grand County,* 6 Col. 202.

Relator claims that the declaration in this charter clothing the police judge of Georgetown with power to act as a justice of the peace for the entire precinct, is void; he argues that it is inconsistent with one of the constitutional provisions relating to justices of the peace.

The correctness of relator's position might be conceded. For the purposes of this case, however, it is unnecessary

to decide the question. If we assume that he is right, it by no means follows that the charter is void wherein it created the office of police judge and clothes him with power to dispose of cases arising under the town ordinances.

The two offices and jurisdictions are entirely distinct; the provisions relating thereto are in no way dependent upon each other. The principal purpose of the legislature unquestionably was to create the office of police judge, and give the person elected thereto power to punish for violations of the town ordinances; to this extent, the provision is not in the slightest degree inconsistent with the constitution; on the contrary, that instrument authorizes the creation of this office. See art. VI, sec. 1.

Since, therefore, the objection of special legislation is not good, so far the charter provision under consideration is perfectly valid. The addition thereto of a clause authorizing the police judge to fill the office and perform the duties of justice of the peace, would not, even if such extension of power were obnoxious to the constitution, render the whole section void; such addition might be regarded as surplusage.

This is clearly one of those cases where the valid enactment does not fall with the void provision, if such there be. *Trippe v. Overacker (ante,* page 72); *The Board of Co. Comm'rs v. Owen, ante,* page 467. The complaint declares that respondent disclaims the right to fill the position and discharge the duties of justice of the peace; it charges him only with occupying the office and performing the duties of police judge as provided in the town charter. It entirely fails to state facts showing a usurpation of the latter position by him.

Relator's argument questions the *existence* of the office; he does not contend that if there is a *de jure* office, his complaint is sufficient to impeach respondent's right to fill it.

The fact that respondent is also authorized to preside

at the meetings of the selectmen, and to exercise other powers usually devolved upon the mayor, is not material. Georgetown has, under the charter, no mayor, and we are aware of no constitutional declaration which renders void the prior territorial legislative enactment requiring the police judge to fill this office also, and perform the duties connected therewith.

The foregoing conclusions render unnecessary a discussion of the further questions presented.

The judgment will be

*Affirmed.*