## No. 13,639.

### GEORGETOWN *v.* BANK OF IDAHO SPRINGS.
(64 P. [2d] 132)

Decided December 28, 1936.

Messrs. PERSHING, NYE, BOSWORTH & DICK, Mr. CLYDE C. DAWSON, JR., for plaintiff in error.

Mr. F. L. COLLOM, for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

AN action was brought in the district court of Clear Creek county by the defendant in error bank (plaintiff below) as holder of 186 warrants, to recover from the town of Georgetown, the plaintiff in error, who was defendant below, a judgment for the principal and interest of those warrants. Judgment for something over $6,000 was rendered in favor of the bank and the town asks a reversal.

Alleged errors are assigned which raise the main contention, namely, that the warrants are invalid "under the general law and under the statutes and Constitution of the State of Colorado and the charter and ordinances of Georgetown."

According to a formal stipulation appearing in the record, each warrant (with one exception to be hereafter noted) was issued and delivered by the town to the payee for value received by the town in the exact sum therein mentiond. By that stipulation it appears that each warrant was validly issued, for indebtedness incurred by the town, pursuant to proper authorization of the board of selectmen and officers, unless such board and officers lacked power to incur the indebtedness and to issue warrants therefor and unless, as the town claims, they were prohibited from doing so.

1. Are the warrants invalid "under the general law," that is, under "the statutes * * * of the State of

Colorado," meaning (according to counsel) "the general municipal statutes, particularly those governing the financial and fiscal affairs of cities and towns"?

Counsel earnestly contend that the town of Georgetown is subject to the general municipal-corporation laws which were passed after the admission of Colorado as a state. Georgetown exists under and by virtue of a charter granted by Colorado Territory. Private Acts, Joint Resolutions and Memorials, 7th Session of the Legislative Assembly, 1868, page 8.

Section 13 in article 14 of the Colorado Constitution is as follows: "The general assembly shall provide, by general laws, for the organization and classification of cities and towns. The number of such classes shall not exceed four; and the powers of each class shall be defined by general laws, so that all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions." Thereunder the General Assembly has enacted and has from time to time amended a complete code of laws relative to cities and towns.

Section 14 in the aforesaid article of the Constitution is as follows: "The general assembly shall also make provision, by general law, whereby any city, town or village, incorporated by any special or local law, may elect to become subject to and be governed by the general law relating to such corporations."

Exercising the power and authority conferred in this section the General Assembly has adopted appropriate legislation whereby a municipality chartered by the territory may elect to become subject to the general laws passed under section 13, C. L. '21, page 2365, §§9254 et seq.

The town of Georgetown, however, has never exercised this privilege. Its original charter is therefore the sole measure of its powers, rights and liabilities except in so far as that charter has been amended, or is in conflict with the Constitution. Compare: *People ex rel. Mills v. Jobs,* 7 Colo. 475, 4 Pac. 798.

522

Certain amendments of the charter were made in 1870, 1872, 1874, and 1876 by our territorial legislature, and in 1877, 1915, and 1918 by our state legislature; but none of these amendments has any bearing on the controversy before us.

Hence the provisions which govern such municipalities as were organized under the general state laws and such specially chartered municipalities as have elected to be governed by those laws are not applicable to the defendant town.

The Georgetown charter in section 3 of article 5 thereof gives its board of selectmen the power "to appropriate money, and to provide for the payment of the debts and expenses of said corporation." Section 35 of the same article confers upon the board ample authority to carry the various municipal powers into effect by ordinances. The town accordingly adopted an ordinance which in section 2 of article 5 thereof provides: "He [the treasurer] shall pay from the treasury all such sums of money as may be ordered by the Board of Selectmen, and the warrants therefor shall be signed by the Police Judge or presiding officer of the Board of Selectmen, and countersigned by the Clerk * * *." In section 3 of said article 5 the ordinance provides: "That whenever any warrant is presented for payment to the Treasurer, and there shall be no funds for the payment of the same, it shall be his duty to register such warrant in a book by him kept for that purpose, wherein he shall state the date, number and amount of such warrant, and the name of the person to whom the same is payable, together with the time and date of such presentation; and it shall be the further duty of such Treasurer to indorse upon the face of all warrants presented to him as aforesaid, the time and date of such registry. All warrants shall be paid by the Treasurer according to the priority in the order in which the same are registered."

Neither in Georgetown's charter nor in any of its ordinances is there anything inconsistent or conflicting with

the above quoted provisions, and these must therefore be recognized as in full force and effect, unless inhibited by the Constitution.

■ 2. Does the Colorado Constitution forbid the procedure thus created by the town of Georgetown for paying its warrants in the order of their registration, regardless of the calendar or fiscal year? Answering this question in the affirmative, counsel rely upon section 8 of article 11, which provides as follows:

"No city or town shall contract any debt by loan in any form, except by means of an ordinance, which shall be irrepealable, until the indebtedness therein provided for shall have been fully paid or discharged, specifying the purposes to which the funds to be raised shall be applied, and providing for the levy of a tax, not exceeding twelve (12) mills on each dollar of valuation of taxable property within such city or town sufficient to pay the annual interest and extinguish the principal of such debt within fifteen, but not less than ten years from the creation thereof, and such tax when collected shall be applied only to the purposes in such ordinance specified until the indebtedness shall be paid or discharged. But no such debt shall be created unless the question of incurring the same shall at a regular election for councilmen, aldermen or officers of such city or town be submitted to a vote of such qualified electors thereof as shall in the year next preceding have paid a property tax therein, and a majority of those voting on the question by ballot deposited in a separate ballot-box, shall vote in favor of creating such debt; but the aggregate amount of debt so created, together with the debt existing at the time of such election, shall not at any time exceed three per cent of the valuation last aforesaid. Debts contracted for supplying water to such city or town are excepted from the operation of this section. The valuation in this section mentioned shall be in all cases that of the assessment next preceding the last assessment before the adoption of such ordinance."

The contention is "that the term 'debt by loan in any form' includes indebtedness incurred by the town for expenses and evidenced by warrants." Counsel further say: "Where one provides supplies, etc., or renders service to a municipality and does not receive payment at the time, it is, in effect, a loan of those supplies and of those services." Without the citation of any authority to support the proposition, and frankly admitting that they are unable to produce any, counsel "conclude that on principle the indebtedness incurred and evidenced by the warrants * * * constituted debts by loan in some form * * *." We cannot ascribe to the language of the constitutional provision under consideration the unnatural meaning claimed for it. Merely to state counsel's reasoning is sufficient to refute it.

3. We are asked to condemn, as invalid, the warrant numbered 4503 (which is for $330.90 and was issued to an officer of the town) for the alleged reason that it was for services rendered outside of Georgetown as well as for services within. The record does not present sufficient facts to call upon us so to vitiate the warrant in question. It may well be that the services rendered outside the corporate limits bore a logical and legitimate relation to the proper performance of municipal duties. The claim was duly audited and allowed in the regular way. The burden was on the town to overcome the presumption and evidence of regularity, and this burden has not been borne.

4. Counsel also argue that the plaintiff bank has mistaken its remedy in bringing the action directly on the warrants, instead of seeking to control the defendant town by mandamus. This issue is not within the pleadings, neither is error assigned thereon. We therefore do not pass upon it.

The district court was right in entering findings and judgment for the plaintiff.

The original opinion, which read for reversal, was withdrawn by the granting of a rehearing herein; the

case was reassigned; and the present opinion is now substituted for the former one.

.Judgment affirmed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE HOLLAND dissent.