No. 14,395.

TOWN OF MORRISON ET AL. *v.* BURKE.
(84 P. [2d] 461)

Decided October 17, 1938. Rehearing denied November 21, 1938.

Mr. A. D. Quaintance, Mr. E. B. Evans, for plaintiff in error.

Mr. Wm. Hedges Robinson, Jr., Mr. Sydney E. Shuteran, for defendant in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Action in mandamus by defendant in error, plaintiff below, against the town of Morrison, a municipal corporation, and its town board to compel payment of a warrant issued by it in the remaining sum of $2,659.38. The town is here seeking a reversal of the judgment entered against it.

The warrant is in words and figures as follows:

"No. 469   A778D                Morrison, Colo., 11/2 1931
          "The Treasurer of the Town of Morrison
Will pay to the Order of Ruby National Bank $2,250
[2,034.28] Twenty two Hundred and Fifty Dollars for
road fund to cancel warrant No. ——— from the General
Fund, as allowed by the Board of Trustees on the 2nd
day of Nov. A. D. 1931                      (SEAL)
          "Otis A. Pike, Mayor.
          "Albert Sims, Recorder.

"Presented November 16, 1931.

"No Funds

"This warrant draws interest from November 16, 1931 at six percent per annum.

      "H. R. Smith

       "Treasurer

"Nov. 15, 1932 Int. Paid to 11/16/32    $135.00

"4/9/34 Offset 207.93

  "   "  5.63

  "   "  2.16

"Without warranty or guaranty of any kind or nature whatsoever.

The Rubey National Bank of Golden, Colorado.

by John Q. Adams

  "Receiver"

It is admitted that this warrant was issued to take up an old one, as appears from the minutes of the town board as of November 2, 1931, which in this behalf read as follows: "Moved and seconded to pay $250 to Ruby N. Bank on road fund and warrant No. 462 to take place of warrant No. ———" (Discrepancy in number on warrant unexplained).

The circumstances surrounding the issuance of the original warrant are not disclosed with much clarity, but it would appear that the town was compelled to furnish the right of way for a portion of the state highway running through its confines, and, not having sufficient funds on hand, it borrowed $3,000 from the Ruby National Bank. The record shows that this practice of borrowing from the bank had been more or less regular, although not in such large amounts.

The record does not disclose to whom this money was paid for rights of way, but it is not denied that the town received the money, and there is no dispute as to part payment.

Apparently after the failure of the Ruby National Bank, and the sale of this warrant as a part of its assets, no further payments on the warrant were made. The

credits of $207.93, $5.63 and $2.16 were items belonging to the town and set off by the receiver.

The principal defense of the town is that there was no compliance with sections 199 and 200, chapter 163, '35 C. S. A., C. L. §§9126, 9127. These sections read as follows:

"§199. The fiscal year of each city or town organized under this law shall commence on the first day of April in each year, or at such other time as may be fixed by ordinance. The city council of cities and boards of trustees in towns shall, within the last quarter of each fiscal year, pass an ordinance, to be termed the annual appropriation bill for the next fiscal year, in which such corporate authorities may appropriate such sum or sums of money as may be deemed necessary to defray all necessary expenses and liabilities of such corporation, and in such ordinance shall specify the objects and purposes for which such appropriations are made, and the amount appropriated for each object or purpose. No further appropriations shall be made at any other time within such fiscal year, unless the proposition to make each appropriation has been first sanctioned by a majority of the legal voters of such city or town, either by a petition signed by them, or at a general or special election duly called therefor. Nor shall the total amount appropriated exceed the probable amount of revenue that will be collected during the fiscal year."

"§200. Neither the city council nor the board of trustees, nor any department or officer of the corporation, shall add to the corporation expenditures in any one year anything over and above the amount provided for in the annual appropriation bill of that year, except as is herein otherwise specially provided; and no expenditure for an improvement, to be paid for out of the general fund of the corporation, shall exceed in any one year the amount provided for such improvement in the annual appropriation bill; provided, however, that nothing herein contained shall prevent the city council or board of trus-

tees from ordering, by a two-thirds vote, any improvement the necessity of which is caused by any casualty or accident happening after such annual appropriation is made.''

This is, of course, an affirmative defense and the burden of sustaining it was on the town. *Georgetown v. Bank,* 99 Colo. 519, 64 P. (2d) 132.

The presumption is that public officials conduct their affairs in a legal manner, and that presumption exists as to the validity of the warrant here in question; while an attempt was made to show that the authority for the issuance of the original warrant was never given, the evidence in that behalf was not convincing.

It was admitted by the town treasurer that all warrants issued to date had been paid except the one here involved, many of the former being issued and registered subsequent to the latter, upon which this suit was brought. It is shown that during the time that this warrant has been outstanding, the town has paid out about $22,000, consequently, it would seem that had payments continued as were begun, this item could have been liquidated without financial embarrassment to the municipality.

The town attempted to show that it never had sufficient funds on hand to pay this warrant, and that, therefore, mandamus would not lie to compel payment; but, in that behalf, we are persuaded that this case falls within the doctrine laid down in *First Nat. Bank v. Arthur,* 12 Colo. App. 90, 54 Pac. 1107, to the effect that, ''If the officer has properly received moneys, but has improperly and wrongfully paid them out, he cannot in the eyes of the law answer that they are not in his possession. It is his duty to have them, and the law conclusively presumes that he has. These views are supported by the most abundant authorities.''

The case of *Ostling v. People, ex rel.,* 57 Colo. 22, 140 Pac. 173, relied on by the town, is not in point, because

172

there the warrants involved were payable out of a particular fund and not the general fund, as here.

Having thus determined that the town treasurer is conclusively presumed to have sufficient money, section 219, chapter 163, volume 4, '35 C. S. A., C. L. §9145, imposes a clear legal duty on him to pay the warrant here in litigation.

Section 342 of the Code provides: "The writ of mandamus may be issued * * * to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station * * *."

Our conclusion, therefore, is that the petitioner has met the requirements, and that the judgment of the trial court is correct. It is, accordingly, affirmed.

MR. JUSTICE HOLLAND did not participate.