No. 22661.

TOWN OF FRISCO, A MUNICIPAL CORPORATION, AND CHARLES ANDERSON, AS MAYOR OF SAID TOWN *v.* GEORGE BROWER, KATHERINE BROWER, LESLIE MCMACKEN AND JUNE H. MCMACKEN.

(467 P.2d 801)

Decided April 13, 1970.     Rehearing denied May 4, 1970.

NEEF, SWANSON and MYER, EDWARD C. EPPICH, for plaintiffs in error.

FRANK DELANEY, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THE action herein is a dispute as to whether certain land in Summit County, Colorado, known as the "King Solomon Addition to the Frisco Townsite" (sometimes

referred to as the King Solomon Addition to the Town of Frisco) had become a legal addition to the town of Frisco in 1907.

The controversy arose when the defendants in error, who were plaintiffs in the trial court, sought a declaratory judgment that their land, located in the King Solomon Addition to the Frisco Townsite, was not within the town boundaries of the Town of Frisco. Additionally, they sought a refund of taxes previously paid to the town and an injunction against their future collection.

The complaint alleged that the area involved had never been legally added to the Town of Frisco; that, notwithstanding their residency in the addition, the plaintiffs Brower had been denied voting privileges in municipal elections; that the addition had not received municipal services provided to property owners in the town.

The defendants denied that the addition had not been properly made and incorporated into the town; admitted that plaintiffs were entitled to vote in municipal elections — the mayor denied that he had ever refused to permit plaintiffs to vote; alleged that municipal services were provided to the addition. As an affirmative defense they alleged, *inter alia,* that the King Solomon Addition has been within the corporate limits of the town since 1907 and that plaintiffs had acquiesced to the boundaries established as the corporate limits.

The trial court found the issues for the plaintiffs and concluded that the land in question had never been legally annexed to the town; additionally, it enjoined the collection of taxes and granted a judgment for taxes paid by the plaintiffs under the applicable period of limitations.

The Town of Frisco came into being in the year 1880. On March 13, 1907 there was filed with the County Clerk and Recorder a plat of the "King Solomon Addition to the Frisco Townsite," which divided the property into lots and blocks with streets and alleys dedicated to public use. This much documentary evidence could be produced

at the trial. The present Town Clerk was unable to produce any copy of the plat as having been filed with the acting Town Clerk in 1907. The minutes of the Town Board meeting failed to disclose anything with respect to an addition to the town in the year 1907. The Town Clerk could not find an original copy of the plat of the original town, nor could she discover copies of its incorporation papers. She further stated that there were various other town records missing.

The record indicates that the plaintiffs' title to the property owned by them in the King Solomon Addition was obtained from tax sales for the year 1929 and subsequent years, culminating in treasurer's deeds issued in 1945. The taxes included town levies as well as county levies.

The property had been included in the town tax rolls ever since at least the year 1912, which is the year of the earliest available records.

The facts surrounding the denial of plaintiffs' right to vote in a municipal election and the matter of municipal services being made available to plaintiffs are largely disputed by the parties.

The defendants assert several grounds for reversal of the trial court's decision. In our view reversal is required.

I.

The defendants contend that the law presumes that public officials properly discharge their duties and that a showing of compliance with the applicable statute establishes that the land now owned by the plaintiffs was added to the Town of Frisco in 1907.

The statute in question is C.R.S. 1908, §6707:
"6707. Additions — How made. — Sec. 195. Whenever any territory shall be laid out and surveyed as an addition to any city or town, organized under this act, such territory shall, upon the filing of the map or plat thereof in the office of the county clerk and recorder of the county in which said territory may be situated, and another such map or plat, with the clerk or recorder

of the city or town to which it is desired to annex such territory, become a part of such city or town, and be included within the limits and jurisdiction thereof: *Provided, That no map or plat of such addition shall be filed for record with said clerk and recorder until the same has been, by the owner or owners of two-thirds (2-3) of the area of such contemplated addition, submitted to the city council or board of trustees of said city or town, and approved by three-fourths (3-4) of the members elected thereto;* and no map or plat of such addition shall be approved by said council or trustees, unless the proposed streets and alleys therein are in conformity as to courses and angles with the streets and alleys of adjoining portions of said city or town, nor unless such map or plat shall show the topography of such territory as to bluffs, streams, ditches and ravines, nor until all taxes then assessed against such territory are paid, and if the said territory shall have previously been sold for taxes and not redeemed therefrom, the owner or owners thereof shall first redeem the said land from such tax sale: Provided, The tax deed has not issued thereon. [L. '87, p. 432, §1; amending G.S., §3305; G.L., 2648.]" (Emphasis added.)

It is undisputed that the plat of the King Solomon Addition to the Frisco Townsite signed by the then owners of the land, and acknowledged, conformed to the courses and angles with the streets and alleys of adjoining portion of the town. The plat was filed for record with the County Clerk and Recorder of Summit County on March 13, 1907. It is clear that the statute was complied with to that extent. A copy also should have been filed with the Clerk and Recorder of the town, but no copy so filed can now be found, some sixty years later. The statute requires that the filing cannot be accomplished until the owners of two-thirds of the area of the contemplated addition submit the plat to the Board of Trustees and three-fourths of them approve. It does not require any vote or that a vote be recorded or that resolutions be

passed or that ordinances be enacted.

The plat having been filed with the County Clerk and Recorder, there is a rebuttable presumption that the other requirements of the statute were met prior to the filing. The presumption was not rebutted. As indicated by the present County Treasurer's records, the town started assessing taxes against the property in the addition as previously noted. C.R.S. 1908, §6653, which is identical to C.R.S. 1963, 139-37-2, provided that:

"It shall be the duty of the county assessor each year, in making his return, to designate the property situate within the limits of any city or town in such county."

■■ There is a presumption that the owners of the land complied with the statute before filing the plat for record; for the statute is a prohibiting one declaring that the filing with the County Clerk and Recorder *shall not be done* until the provisions have been complied with. In *Wilson v. Mosko*, 110 Colo. 127, 130 P.2d 927, this court stated: "* * * the presumption is that men intend to obey rather than to violate the law." Addition to the town was automatic upon fulfilling the conditions of the statute as to filing in the County Clerk and Recorder's office because that was the final act to be done.

■ Moreover, the County Assessor each year had the mandatory duty to designate the property situate in the towns of the county. It is presumed, as this court has many times held, that public officials properly discharge their duties. *Morrison v. Burke*, 103 Colo. 167, 84 P.2d 461; *Burbank v. Commissioners*, 70 Colo. 302, 201 P. 43; *Bolton v. Bennett*, 56 Colo. 507, 138 P. 761; *People v. Montez*, 48 Colo. 436, 110 P. 639; *Routt v. Greenwood Cemetery Co.*, 18 Colo. 132, 31 P. 858.

II.

Plaintiffs argue that even if such a presumption exists it is overcome by the fact that the Town of Frisco never made any improvements in the King Solomon Addition, and did not assert any jurisdiction over the area insofar as providing town services such as police officers and a

fire department. These matters were the subject of conflicting evidence in the record, but the trial court made the following significant finding which is controlling: "* * * the only act of government, or control exercised over said area by the Town of Frisco was to collect, or receive property tax levied against the property of the plaintiffs over a series of years; * * *"

On the basis of our reading of the record it is necessary to conclude that the trial court misconceived the force and effect of the evidence adduced to show that the addition was part of the town. A few uncontradicted samples of such evidence appearing in the record are that the Town Marshal patrolled the plaintiffs' property; that the town fire-fighting equipment responded to fires on plaintiffs' property; that where streets existed within the addition they were plowed and maintained by the county road crews doing work for the city under a contract in view of the town's lack of road maintenance equipment; and that other inhabitants of the addition voted in town elections, one of them even being a town election official.

Thus, the presumption that public officials performed their duty is supported not only by the fact that plaintiffs and all property owners in the addition paid town taxes, but also by evidence that the town exercised a measure of control over the addition.

We believe the case of *State v. City of Hutchinson,* 109 Kan. 484, 111 Kan. 356, 207 P. 440, is applicable to the case at bar.

"For more than 30 years the city has exercised authority over the southeast quarter of section 17; police and fire protection has been given, taxes have been levied, and sewers have been constructed, the assessments for a portion of which apparently remain unpaid and for which bonds have probably been issued. After that length of time, in the absence of proof to the contrary, it should be presumed that the city complied with the law and presented a proper petition to the judge of the district

448

court; that an order was made authorizing the city to extend its limits so as to include that quarter section; and that subsequent to the passage of Ordinance No. 152 another ordinance had been passed extending the city limits in accordance with an order of the court. That presumption should not be overthrown except by the most clear and convincing evidence. The time will soon come when cities will be unable to prove either their corporate existence or their territorial limits by proper record evidence. When that time comes, presumptions in favor of the cities must be resorted to."

The judgment is reversed and the cause remanded to the district court with directions to enter judgment in favor of defendants and to dismiss the complaint.