Mary Patricia **ROSS**, Plaintiff-Appellee,

v.

**FIRE AND POLICE PENSION ASSOCIATION, Defendant-Appellant.**

No. 83CA0585.

Colorado Court of Appeals,
Div. II.

Jan. 5, 1984.

Rehearing Denied Jan. 26, 1984.

Certiorari Granted June 4, 1984.

Bruno & Bruno, P.C., Louis B. Bruno, Marc F. Colin, Lakewood, for plaintiff-appellee.

Tallmadge, Tallmadge, Wallace & Hahn, P.C., C. Thomas Bastien, John W. Smith, Denver, for defendant-appellant.

VAN CISE, Judge.

The Fire and Police Pension Association appeals an order of the district court vacating the order of the Association's board of directors (board) denying plaintiff, Mary Patricia Ross (applicant), an occupational disability pension and ordering the board to grant the pension. We reverse.

Applicant was injured in an automobile collision on March 29, 1981, while she was acting within her official duties as a Denver police officer. She claimed that she was unable to return to duty and, in February 1982, applied for disability retirement pursuant to § 31-30-1007, C.R.S.1973 (1982 Cum.Supp.). Her employment was terminated by the chief of police in March 1982 for the stated reason that there was no position available which she was capable of performing.

Applicant was examined by three doctors as provided for in § 31-30-1007(4), C.R.S. 1973 (1982 Cum.Supp.) which provides that a determination of disability shall not be made "unless two of the three physicians examining the applicant agree that a disability exists." All three were of the opinion that she could return to her regular duties and was not eligible for a disability pension. In April 1982, the board denied her application because none of the doctors found her disabled.

In July, after an evidentiary hearing, applicant's request for reexamination was granted. The Rules and Regulations of the Fire and Police Pension Association § 505.-08.05 provide:

"If the Board orders a re-examination, then the case shall proceed in all particulars as a new case...."

She was examined by three different physicians. One found her to be occupationally disabled at that time, one found her occupationally disabled only for her previous patrol duties, and the third preferred to defer judgment.

On August 20, an evidentiary hearing was held. At the conclusion of the hearing, one board member stated that there was no clear nexus between the injury and the inability to perform. The board then determined that there was insufficient evidence of either an occupational or total disability, and denied the application.

This action for review of the board's decision was then instituted in the district court. That court first determined that the proceeding was governed by the Administrative Procedures Act, § 24-4-101 et seq., C.R.S.1973 (1982 Repl.Vol. 10) (APA). It then held that the August hearing should have been treated as a new case under the rules and, therefore, the board should have considered only the evidence at that hearing, not the opinions of the initial physicians who examined applicant. The court found the board's decision arbitrary, vacated it, and ordered that future and retroactive occupational disability benefits be granted.

On appeal to this court, the Association contends that this is a proceeding under C.R.C.P. 106(a)(4) and is not governed by the APA. However, we do not need to decide whether C.R.C.P. 106(a)(4) or the APA applies because we would reach the same result in either event.

■ We agree with the Association's contention that it was error for the district court to reverse the board and order the grant of the pension. There is nothing in the record to indicate that at the hearing following the reexaminations the board considered the opinions of the initial panel of physicians. Absent evidence to the contrary, there is a presumption that the Association followed proper procedures. *See Town of Frisco v. Brower,* 171 Colo. 441, 467 P.2d 801 (1970); *People v. Rivera,* 37 Colo.App. 4, 542 P.2d 90 (1975).

■ Although two of the reexamining physicians found applicant to have a disability and one gave no opinion, the statute explicitly provides that the board is not bound by the physicians' determination. And, there is sufficient evidence in the record which supports the board's denial of the application. Accordingly, the board did not abuse its discretion in deciding as it did. *See Casa Bonita Restaurant v. Industrial Commission,* 624 P.2d 1340 (Colo.App. 1981).

■ It is not for the district court or a reviewing court to substitute its own judgment as to the weight of the evidence for that of the board. *See Canjar v. Huerta,* 193 Colo. 388, 566 P.2d 1071 (1977); *Corper v. Denver,* 191 Colo. 252, 552 P.2d 13

(1976).  *See also* § 31–30–1005(2), C.R.S. 1973 (1982 Cum.Supp.)

The judgment is reversed and the cause is remanded with directions to reinstate the board's decision.

SMITH and KELLY, JJ., concur.