Harold L. BOYLES, Plaintiff-Appellant,

v.

Kenneth J. LAMPERT, the Board of County Commissioners of Mesa County, Colorado, Maxine Albers, Rick Enstrom, Mike Kelly, individually and as members of the Board of County Commissioners of Mesa County, the Mesa County Board of Health and the Mesa County Colorado Personnel Grievance Committee, Defendants-Appellees.

No. 83CA0311.

Colorado Court of Appeals, Div. III.

Feb. 2, 1984.

Certiorari Denied Aug. 27, 1984.

Overholser, Slee, Reed & Pixler, P.C., John W. Overholser, Montrose, for plaintiff-appellant.

Gerald J. Ashby, Grand Junction, for defendants-appellees.

STERNBERG, Judge.

The plaintiff, Harold L. Boyles, was employed by the Mesa County Public Health Department for approximately 12 years, and had been in charge of the Environmental Health Section since 1970. His position was subordinate to that of defendant Dr. Kenneth J. Lampert, Mesa County Director of Public Health. Lampert's position is subordinate to the Mesa County Health Board, the members of which are appointed by the Mesa County Commissioners (Commissioners). Lampert discharged Boyles. A Grievance Committee upheld the firing after a hearing, and the district court affirmed the termination. Boyles appeals and we affirm.

Mesa County has published an "Attendance and Leave Manual" which contains personnel rules, regulations, and policies governing county employees, includes express provisions regarding employee termination, and establishes the Mesa County Personnel Grievance Committee and the procedures for invoking its function.

At 2 p.m. on Friday, February 29, 1980, Boyles received from Lampert a typewritten sheet charging that Boyles had committed breaches of job performance and intra-office management, and was told to appear at a meeting of the Commissioners to be held at 3 p.m. that day. Various charges were leveled at Boyles at this meeting, which was attended by only two of the Commissioners, defendants Rick Enstrom and Mike Kelly. Boyles denied all charges. Enstrom and Kelly directed Lampert to terminate Boyles' employment.

Boyles submitted his grievance pursuant to the Personnel Manual procedure by noon of the following Tuesday, March 4, and requested a hearing before the Grievance Committee. Later that day, Boyles received a letter from Lampert advising him that he could either resign or be fired. Boyles was fired by Lampert that day.

On March 17, Lampert informed Boyles by letter of the charges which resulted in his discharge. The charges focused on two primary areas: job performance irregularities; and intra-office mismanagement, disharmony among office personnel, and deteriorating community public relations.

The Grievance Committee conducted a full hearing on the matter of Boyles' termination on April 22 and 23, 1980. The Committee determined that the evidence presented was insufficient to sustain any of the charges relating to job performance irregularities, but found that the evidence was sufficient to sustain the charge of intra-office mismanagement. Specifically, it found that Boyles conducted personnel evaluations which were irregular in frequency and conducive to disharmony, and that he did not provide sufficient employee training.

In its C.R.C.P. 106(a)(4) certiorari review, the district court approved the findings of the Grievance Committee and found that Lampert did not abuse his discretion in firing Boyles.

I.

Boyles contends that the trial court applied an improper standard of review. He asserts the applicability of the "substantial evidence" standard of § 24–4–106(7), C.R.S. (1982 Repl.Vol. 10), the review section of the Administrative Procedures Act (APA). However, as in *Ross v. Fire & Police Pension Ass'n*, 682 P.2d 496 (Colo.App.1984), "we do not need to decide whether C.R.C.P. 106(a)(4) or the APA applies because we would reach the same result in either event."

Here, several witnesses presented competent evidence of Boyles' derelictions. His discharge might well have been required on different or additional grounds than those adopted by the Grievance Committee. However, the record does contain

sufficient evidence that Boyles mismanaged and improperly supervised the Environmental Health Section to serve as a basis for his dismissal. We conclude that there was no abuse of discretion involved here. *See Ross v. Fire & Police Pension Ass'n, supra.*

## II.

Boyles contends that his right to due process was violated by the failure to follow the proper grievance procedures in this case, and by the Grievance Committee's findings of fact on a charge not alleged against him originally. We disagree.

Boyles' employment termination was a deprivation worthy of constitutional safeguards, *see Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); however, we conclude that he was afforded the "fundamental procedural due process safeguards of notice and an opportunity to be heard 'at a meaningful time and in a meaningful manner'...." *Patterson v. Cronin*, 650 P.2d 531 (Colo.1982).

Boyles asserts that he had a right to a pre-termination hearing in this matter, and that by the time he was informed of the charges, it was "simply too late" effectively to exercise his constitutional rights because he had been off the payroll more than 10 days and the grievance hearing was held more than a month later. We do not agree.

All parties acknowledge that proper procedure under Mesa County rules and procedures would have been first to notify Boyles of the charges against him and then to hold a hearing prior to his dismissal. However, we conclude any error was subsequently cured. *See Glenn v. Newman*, 614 F.2d 467 (5th Cir.1980).

Boyles was provided with a list of charges on March 17 and was given more than one month to prepare his response before a hearing was held. A full hearing was provided, at which Boyles was represented by counsel who examined and cross-examined witnesses and made opening and closing statements on his behalf. In fact, Boyles admitted in his brief filed in support of his C.R.C.P. 106 motion in the district court that he "*was* ultimately accorded his proper due process notice and hearing in this case." (emphasis in original) In addition, the Grievance Committee, recognizing that proper procedures were not initially followed in the case, awarded Boyles pay and benefits from March 4, the date he was fired, until April 23, the date the hearing was completed. Under these circumstances Boyles was not prejudiced by the failure to inform him initially of the reasons for his discharge and to provide a hearing prior to termination.

Finally, while it is true that Boyles was not specifically informed that he was charged with conducting personnel evaluations which were irregular in frequency and conducive to disharmony, this charge was made during the hearing and evidence was received on it. Boyles made no objection when the evidence was presented, and in fact, his attorney initiated questioning about employee evaluations and cross-examined witnesses regarding this matter.

Boyles' other arguments are without merit.

The judgment is affirmed.

TURSI and BABCOCK, JJ., concur.