**Jo–Anne CARPENTER,**
**Plaintiff–Appellant,**

v.

**CIVIL SERVICE COMMISSION, City of Aurora, Annabelle M. Dunning, Chairman, Ellis Burton, John Kish, William Davis and Francis D. Cunningham, members of said Commission and the City of Aurora, a Colorado municipal corporation, Defendants–Appellees.**

No. 89CA1718.

Colorado Court of Appeals,
Div. V.

Dec. 6, 1990.

Rehearing Denied Feb. 7, 1991.

Certiorari Denied July 29, 1991.

Daniel F. Lynch, Denver, for plaintiff-appellant.

Office of the City Atty., Charles H. Richardson, Aurora, for defendants-appellees.

Opinion by Judge PLANK.

In this C.R.C.P. 106(a)(4) action, plaintiff, Jo–Anne Carpenter, appeals a summary judgment entered in favor of defendants City of Aurora, its Civil Service Commission, and Commission members (Commission). That judgment affirmed the Commission's denial of plaintiff's appeal of the rejection of her employment application. We reverse and remand for further proceedings.

Carpenter applied for employment as an Aurora police officer in 1986. The application process included a variety of examinations that each of the applicants was required to pass to be eligible for consideration for employment. The examinations included a psychological evaluation based on written tests and an interview by a psychologist. Carpenter passed all examinations taken except the psychological evaluation, the results of which were unfavorable.

The Commission's regulations provided for appeals by unsuccessful job applicants, as follows:

"The Commission shall immediately notify, in writing, any applicant whose application has been rejected. The medical appeal procedure is contained in paragraph 20 of these Rules and Regulations. Any appeal of other rejection decisions must be received in the Commission office within ten (10) calendar days of receipt by the applicant of the rejection notice. Such appeal must be filed by the applicant, in writing, and must be accompanied by the reasons in support thereof and by all available supporting documentation. The Commission may schedule a meeting with the applicant to ensure that all relevant information and materials have been presented. The applicant shall be advised, in writing, of the final decision made by the Commission."

On July 21, 1987, the Commission informed Carpenter that she was disqualified from employment, but did not give any reason other than "consideration of your test results." The Commission later admitted that it was referring to the psychological evaluation.

On July 24, Carpenter's attorney wrote the Commission demanding that Carpenter be given access to her application file under the Open Records Act, § 24–72–201, et seq., C.R.S. (1988 Repl.Vol. 10B), and asserting that the appeal process was meaningless without access to information in the file. The Commission accepted the letter as the initiation of Carpenter's appeal.

In a letter dated August 13, the Commission told Carpenter that she had been disqualified from employment "based on the final review by the Commission of all documents contained in her application file prior to the certification for hire list being established." The same letter advised Carpenter that she could inspect some of the documents in her file, if she filed a written request.

Carpenter and her attorney scheduled a meeting with the Commission administrator on September 11, but were informed when they arrived that it had been cancelled. They asked the administrator if Carpenter had been disqualified because of her psychological evaluation, but the administrator refused to answer, denied access to the file, and informed them that the inspection request was still under consideration.

On October 8, the Commission denied access to the data requested because Carpenter had signed a waiver form before taking the psychological examination. Carpenter's attorney responded by asserting that the waiver was invalid and by renewing the inspection request. He specifically requested that both he and Carpenter be permitted to inspect the file. The Commission's reply of October 21 advised that Carpenter, but not her attorney, could meet with the psychologist who had conducted the evaluation for an explanation of the results, evaluation, and recommendation.

Carpenter did not contact the psychologist and, instead, filed this action for judicial review under C.R.C.P. 106(a)(4) on November 9, 1987, together with a claim for production of the records pursuant to § 24–72–204(5), C.R.S. (1988 Repl.Vol. 10B). Both parties moved for summary judgment. The trial court granted the Commis-

sion's motion for summary judgment on the ground that the Commission's actions were administrative rather than quasi-judicial and that, therefore, they were not subject to judicial review under C.R.C.P. 106(a)(4). The court also ruled that the Commission's actions were not subject to judicial review because defendant had no constitutionally protected property interest in prospective employment.

## I.

■ Carpenter contends that the trial court erred in entering summary judgment denying her C.R.C.P. 106(a)(4) claim. She argues that in handling her appeal, the Commission was exercising a quasi-judicial function. We agree.

■ Judicial review under C.R.C.P. 106(a)(4) is limited to judicial and quasi-judicial agency action. See State Farm Mutual Automobile Insurance Co. v. City of Lakewood, 788 P.2d 808 (Colo.1990). Administrative or ministerial action is not subject to review under C.R.C.P. 106(a)(4). See Cherry Hills Resort Development Co. v. City of Cherry Hills Village, 757 P.2d 622 (Colo.1988).

■ Whether a governmental action is quasi-judicial or ministerial depends on the nature of the governmental decision and the process by which it is reached. When a governmental decision is likely to affect the rights and duties of specific individuals, and the decision is reached through the application of preexisting legal standards or policy considerations to present or past facts developed at a hearing, the governmental body is generally acting in a quasi-judicial capacity. Sherman v. City of Colorado Springs Planning Commission, 763 P.2d 292 (Colo.1988).

■ The existence of a statute or ordinance requiring notice and a public hearing is clear proof that an action is quasi-judicial, but the absence of a legislatively mandated notice and hearing is not determinative. The nature of the decision and the process by which it is reached is the predominant consideration. Cherry Hills Resort Development Co. v. City of Cherry Hills Village, supra. Quasi-judicial functions ordinarily require the exercise of discretion. See Sherman v. City of Colorado Springs Planning Commission, supra.

Here, although the Commission's initial decision to reject Carpenter's employment application may have been merely ministerial or administrative, Carpenter does not challenge her initial rejection. She challenges the Commission's denial of her appeal of that disqualification.

■ The appeal determined the rights of a specific individual. Although the Commission's regulation established no express standards for deciding appeals, when a governmental body provides a right of appeal but sets no standards, a general standard of reasonableness will be implied. See Johnson v. City Council, 42 Colo.App. 188, 595 P.2d 701 (1979). Application of that standard requires the exercise of discretion.

Further, the Commission's regulation required written notice of both the initial rejection and disposition of the appeal. Although the regulation did not require a formal public hearing or even an informal meeting, it did provide unsuccessful job applicants with an opportunity to be heard by submitting a written appeal with reasons and supporting documentation.

■ A hearing is nothing more than an opportunity to be heard at a meaningful time and in a meaningful manner. See Boyles v. Lampert, 687 P.2d 468 (Colo.App. 1984). A hearing may be accomplished by submission of written documents. See 2 K. Davis, Administrative Law Treatise § 13.2 (2d ed.1979); 1 C. Koch, Administrative Law & Procedure §§ 1.23, 2.5, 7.25–7.31 (1985). The Commission's regulation therefore required a hearing.

We conclude that, in denying Carpenter's appeal, the Commission was exercising a quasi-judicial function. Thus, the trial court erred in entering summary judgment on that ground.

## II.

■ Because a judgment that is correct must be affirmed even if the trial court's

reasons were incorrect, we must consider whether the Commission abused its discretion in denying Carpenter's appeal. *See Tschudy v. Amos C. Sudler & Co.,* 158 Colo. 421, 407 P.2d 877 (1965); *Cole v. Hotz,* 758 P.2d 679 (Colo.App.1987). Also, because the evidence before the trial court was all documentary, this court may resolve the issues as a matter of law. *See Atchison, Topeka & Santa Fe Ry. Co. v. North Colorado Springs Land & Improvement Co.,* 659 P.2d 702 (Colo.App. 1982).

We conclude that the Commission abused its discretion in denying Carpenter's appeal. The record shows that the Commission disqualified Carpenter from consideration for employment because of the unfavorable psychological evaluation, but did not tell her the reason for disqualification. We reject as unfounded the Commission's assertion that the letter of July 24 from Carpenter's attorney shows that counsel knew the reason for disqualification.

Without knowledge of the reason for disqualification, Carpenter could not be expected to submit reasons and documentation in support of her appeal as required by the Commission's appeal regulation. The Commission denied Carpenter's appeal on August 13 without giving her a realistic and meaningful opportunity to present her case.

We note that although Carpenter may not have had a property interest in prospective employment entitled to the protections of procedural due process, the Commission's regulation gave her the right to appeal her disqualification. When a governmental body promulgates a regulation imposing more stringent standards on itself than are required by the constitution, due process requires the government to adhere strictly to those standards. *Department of Health v. Donahue,* 690 P.2d 243 (Colo.1984); *Shumate v. State Personnel Board,* 34 Colo.App. 393, 528 P.2d 404 (1974). *See also Montoya v. City of Colorado Springs,* 770 P.2d 1358 (Colo.App. 1989).

Accordingly, having granted Carpenter a right of appeal, the Commission could not deny her a meaningful opportunity to present her case. *See Shumate v. State Personnel Board, supra.*

### III.

The Commission argues that its refusal to disclose the reason for disqualification was proper because Carpenter signed a form waiving any right to know "test results, interpretations made, and access to the original data from which final judgments have been made," before submitting to the psychological evaluation. We disagree.

Under the Open Records Act, § 24–72–201, et seq., C.R.S. (1988 Repl.Vol. 8B), the Commission could not, through its custodian of records, deny Carpenter access to her application file based on the waiver form.

The general policy of the Act is that all public records are open to inspection unless specifically excepted by law. *See* § 24–72–201, C.R.S. (1988 Repl.Vol. 10B); *Denver Post Corp. v. University of Colorado,* 739 P.2d 874 (Colo.App.1987). Under § 24–72–204(1), C.R.S. (1988 Repl. Vol. 8B) the custodian of public records "shall allow any person the right of inspection" except on the grounds specified in other subsections of that statute. Those subsections do not include waiver as one of the grounds for denying the right of access. Thus, we conclude that the public policy inherent in this statute prohibits a waiver.

The judgment is reversed, and the cause is remanded to the trial court for remand to the Commission with directions that it permit Carpenter to submit reasons and documentation in support of her appeal for consideration by the Commission.

CRISWELL and REED, JJ., concur.