Morris Ader, Respondent, v. Sam Pollman, Morris Pollman and Pollreal Corp., Appellants.— Appeal from a judgment and decree of the Supreme Court, entered and filed in the office of the clerk of Sullivan county on January 3, 1939, against the defendants and in favor of the plaintiff above named. The plaintiff was the owner in fee simple of certain premises situated on the easterly shore of White Lake in the town of Bethel, county of Sullivan. The defendants were the owners in fee simple of certain premises situated on the same lake. The defendants' premises included twenty feet of shore line of high-water mark for boat landings, the landings being known as " number twenty-three and twenty-four * * * and also access thereto." The defendants had built certain encroachments upon the property which the plaintiff claimed and permitted their guests from their hotel to trespass upon the plaintiff's property and the plaintiff instituted this action for an injunction and for damages. A trial was held before the court without a jury and the court made findings of fact and conclusions of law upholding the claim of the plaintiff, which findings of fact and conclusions of law also protected the defendants in all of their rights. The evidence supports the judgment appealed from which is affirmed, with costs. Judgment affirmed, with costs. Crapser, Heffernan and Schenck, JJ., concur; Hill, P. J., and Bliss, J., dissent and vote for a modification of the judgment on the ground that the deeds of the upland lots to the defendant made reference to the 1895 map filed in the Sullivan county clerk's office which shows that Lake Street extended from the waters of White Lake to Liberty Turnpike. A portion of this has now been built over by plaintiff.

The People of the State of New York ex rel. Blair S. Dixon, Appellant, v. William E. Snyder, as Warden of Clinton Prison, Dannemora, N. Y., Respondent.— Defendant seeks to be released from Clinton State Prison where he is confined pursuant to two judgments of conviction, entered on pleas of guilty, for two escapes from the custody of a deputy sheriff of Hamilton county by whom he was held on a charge of rape in the first degree to await the action of the grand jury of that county. Section 1694 of the Penal Law defines as a felony an escape from custody while being held " upon a charge, arrest, commitment, or conviction for a felony." Appellant is serving two concurrent sentences of three and a half to seven years. He has not been tried for rape. The district attorney consented to accept a plea of assault in the third degree, stating that there was no corroborating evidence as to the charge of rape. Under such facts, the indictment was illegally found. (Code Crim. Proc. § 258; Penal Law, § 2013.) It is a fact that appellant is serving this long prison term when the basic crime for which he was convicted was triable by a justice of the peace. However, courts must deal with statutes as they are written and as they have been construed. (People ex rel. Haines v. Hunt, 229 App. Div. 419; People ex rel. Scrum v. Hunt, 230 id. 801.) In People ex rel. Sloan v. Lawes (255 N. Y. 112), cited by appellant, the previous conviction had been " wiped out, and the law has declared that such conviction did not exist" (p. 117). Thus there was nothing which raised the possession of brass knuckles above the grade of a misdemeanor, while in the instant case, although the appellant pleaded to a misdemeanor, he was held at the time of his escape on a charge of rape, which was a felony, and under the language of section 1694 of the Penal Law, the escapes were felonies. It appears to the court that the sentences now being served by the appellant are excessive and an injustice has been done which we are powerless to remedy and we recommend application to the Governor for executive clemency. Order affirmed. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.