No. 19,301.

LELAND L. HACKETT *v.* HARRY C. TINSLEY, Warden.

(352 P. [2d] 799)

Decided May 31, 1960.    Rehearing denied June 20, 1960.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy.

Mr. JOHN F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error was petitioner in the trial court, where he sought a writ of habeas corpus and his release

from the State Penitentiary. The record submitted does not include a transcript of the original proceedings, we must therefore resort to, and accept, the findings of the trial court as establishing the pertinent facts. From such findings it appears that petitioner was charged with the substantive crime of burglary and that he had on two previous occasions been convicted of felonies. The order denying the writ of habeas corpus (filed in the same court in which he was convicted of burglary) points out that at the trial on the burglary charge, petitioner admitted his prior convictions, and on November 28, 1958, was sentenced to a term of twelve to twenty years in the State Penitentiary. The instant application for a writ of habeas corpus was filed September 19, 1959, and denied on September 25, 1959, from which judgment petitioner brings the case here on writ of error.

Nothing appears in the record here submitted to substantiate petitioner's claim that the information under which he was prosecuted and convicted of burglary was in any way defective, or that the trial court was without jurisdiction.

The sentence imposed was under the "Little Habitual Criminal Act," CRS '53, 39-13-1, which authorizes (in case of two prior felony convictions) a sentence of not less than the longest term prescribed by the statute relating to burglary (CRS '53, 40-3-6), which is ten years, or more than three times the longest term prescribed upon conviction of burglary. Hence petitioner's sentence of twelve to twenty years is within the statutory limit.

Petitioner claims that some of the language found in O'Day v. People, 114 Colo. 373, 166 P. (2d) 789, requires a holding that prior convictions must be proved before habitual criminal status is established. Such is the law, but it can have no application to the facts before us, for here the defendant admitted his identity and the former convictions under the statute, thus dispensing with the necessity of proof on the part of the People.

The findings of the trial court disclose that at the trial on the burglary charge, petitioner's prior felony convictions were established by his admissions on the witness stand. It is manifest that when a party admits a charge in a judicial proceeding, his opponent is relieved of the necessity of proving any fact so admitted.

Perceiving no error in the record, the judgment is affirmed.