No. 21516.

JOHN HERMAN SCHWICKRATH *v.* THE PEOPLE OF THE STATE OF COLORADO.
(411 P.2d 961)

Decided March 14, 1966.

B. E. SCHALOW, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES W. CREAMER, JR., Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

SCHWICKRATH was tried and convicted of the crime of felonious escape. He is here on writ of error alleging, in essence, that:

1. The trial court erred in overruling his motion to quash the information on grounds that conviction on the crime charged would amount to double jeopardy and double punishment, having received administrative punishment under C.R.S. 1963, 39-18-7 (C.R.S. '53, 39-18-4).

2. The trial court erred in refusing offered testimony and instructions concerning Schwickrath's mental condition.

3. The trial court erred in not instructing or tendering verdict forms to the jury on the theory of attempt to escape.

4. The trial court erred in refusing tendered instructions concerning the burden of proof upon the People to establish the defendant's identity.

It is only necessary to consider the first, second and fourth points of asserted error.

■ There was no error in the District Court's denial of Schwickrath's motion to quash the indictment. We have held that, where the administrative penalty imposed under C.R.S. 1963, 39-18-7, does not result in confinement beyond the maximum term set in the imposed sentence, no double jeopardy or double punishment attaches as a result of prosecution under the felonious escape statute. *Silva v. People,* 158 Colo. 326, 407 P.2d 38; *Gallegos v. People,* 159 Colo. 379, 411 P.2d 956. Whether this would be the case if confinement under C.R.S. 1963, 39-18-7, went beyond the maximum sentence does not arise for our determination on this appeal, and we reserve our judgment upon that matter.

■ The second point urged is governed by our decision in *Gallegos v. People, supra.* Under the rules and rationale in that case, proof of mental condition should have been admitted in evidence.

The fourth allegation of error advances the proposition that the identity of a defendant charged under C.R.S. 1963, 40-7-53 (C.R.S. '53, 40-7-54), with felonious escape must be proved with particularity to be that of the defendant convicted on the charge for which he was originally incarcerated. In support of this view, cases dealing with Habitual Criminal statutes have been cited to us. *Smalley v. People,* 116 Colo. 598, 183 P.2d 558; *O'Day v. People,* 114 Colo. 373, 166 P.2d 789; *Hackett v. Tinsley,* 143 Colo. 203, 352 P.2d 799; *Routa v. People,* 117 Colo. 564, 192 P.2d 436; *DeGesualdo v. People,* 147 Colo. 426, 364 P.2d 374, 86 A.L.R.2d 1435; *People v. Casey,* 399 Ill. 374, 77 N.E.2d 812, 11 A.L.R.2d 865; *State v. Livermore,* 59 Mont. 362, 196 Pac. 977. The quarrel is not over whether the defendant must be shown to have been convicted of a felony, for the statute expressly

so requires, but rather over the lengths to which the People must go to establish the identity of the defendant in his previous encounter with the law.

■ Bearing this in mind, the Habitual Criminal Act cases appear not to be in point. They deal not with whether persons confined in certain places are felons, but rather, with whether persons not in confinement have previously been felons. In this light the problem is relatively simple. If it be shown that an individual is the person held under a particular mittimus for the commission of a felony, the requirement of C.R.S. 1963, 40-7-53, is necessarily fulfilled.

■ In this case the People presented adequate evidence to establish the identity of Schwickrath as a felon. People's Exhibit "A" was an authenticated copy of Final Judgment and Sentence Mittimus. Mr. Fred Wyse, Associate Warden of the Colorado State Penitentiary, identified the document and Schwickrath as the person held under it, and he further testified that no other person was being held under the instrument. This is all that was required. *Silva v. People, supra.* It is not material that Mr. Wyse did not know, of his own knowledge, that the defendant was the person convicted for the crime of forgery; if Schwickrath was not the selfsame individual, his remedy is not to litigate the matter in an escape prosecution but to seek a writ of habeas corpus.

The judgment is reversed and the case remanded for further proceedings consistent with the views herein expressed.

MR. JUSTICE DAY not participating.

MR. JUSTICE SCHAUER concurs in the result only.