No. 22051.

THE PEOPLE OF THE STATE OF COLORADO *v.*
CLEATIS BEN AUSTIN.
(424 P.2d 113)

Decided February 27, 1967.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Assistant, H. R. HARWARD, District Attorney, BRUCE JOHNSON, Deputy, for plaintiff in error.

WILLIAM R. STINEMEYER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THE defendant, Cleatis Ben Austin, was charged in the lower court with the crime of felonious escape from the Colorado state penitentiary. At the jury trial there was received in evidence People's Exhibit "A," which is an authenticated copy of a mittimus stating that the defendant is to be confined in the Colorado state penitentiary for not less than two nor more than five years, he having pled guilty to the charge contained in the "Information for Larceny." At the conclusion of the People's evidence in chief, defendant moved for judgment of acquittal on the ground that the People had failed to present evidence that the defendant had previously been found guilty of or had pled guilty to a felony. This motion was granted and judgment of acquittal was entered by the lower court.

The People contend the court erred in granting this motion because the People's evidence at the trial would have been sufficient to support the jury's finding that defendant had previously pled guilty to a felony; that more specifically, People's Exhibit "A" (the mittimus) was prima facie evidence of the fact that the defendant had pled guilty to a felony.

C.R.S. 1963, 40-7-53, the statute under which the defendant was charged, is set forth as follows:

"Escapes by felons. — Any person after being found guilty of a felony by a court or jury or after pleading guilty to a felony who, while being held in jail or while in the custody of any person lawfully having charge of him, escapes therefrom shall be deemed guilty of a felony and upon conviction shall be imprisoned in the state penitentiary for not less than one year nor more than ten years; said sentence to run consecutively and not concurrently with any sentence that said person has received or subsequently receives for the felony for which he is being detained when the act in violation of this section is committed."

■ It is clear, therefore, that one of the essential elements of this crime is that the defendant has either been convicted of a felony or that he has pled guilty to a felony.

The sole issue for our determination on this writ of error is whether the mittimus established the fact, prima facie, that the defendant had pled guilty to a felony. The mittimus, insofar as it pertains to this issue, states in substance that on an "Information for Larceny," the defendant having heretofore entered a plea of guilty before the District Court in and for Fremont County, Colorado, was sentenced to not less than two years and not more than five years in the pentitentiary of the State of Colorado.

It is the defendant's position that, since the crime of larceny as defined in C.R.S. 1963, 40-5-2, can either be a felony or a misdemeanor, depending upon the value of the property stolen, and since the mittimus refers only to an "Information for Larceny," it fails therefore to reflect that defendant pled guilty to a felony.

■ The definition of a felony is found in Article XVIII, Section 4 of the Colorado constitution, as follows:

"The term felony, wherever it may occur in this

constitution, or the laws of the state, shall be construed to mean any criminal offense punishable by death or imprisonment in the penitentiary, and none other."

In *People v. Godding*, 55 Colo. 579, 136 Pac. 1011, this constitutional definition of felony is discussed at length; however, for the purpose of this case, it will suffice to quote only the following language therefrom which appears at 588:

"It is therefore manifest that this section means that every offense which may be punished by death or imprisonment in the state penitentiary is a felony, . . ."

■■ The criminal offense of larceny, to which the defendant pled guilty, was punishable by imprisonment in the penitentiary, and this is stated clearly in the mittimus. We hold, therefore, that the trial court erred when it found that "there has been a failure on the part of the state to prove this defendant was convicted of a felony." Furthermore, the sentence of not less than two and not more than five years, which was shown in the mittimus to have been imposed on the defendant, is prima facie evidence of the fact the defendant was being punished for a felony. C.R.S. 1963, 40-5-2 (4) provides where the article or thing stolen or removed shall exceed the value of fifty dollars the punishment shall be confinement in the penitentiary for a term of not less than one year nor more than ten years.

Judgment disapproved.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McWILLIAMS and MR. JUSTICE KELLEY concur.