542 P.2d 90 (1975)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Robert Ismal RIVERA, Defendant-Appellant.
No. 74-554.
Colorado Court of Appeals, Div. III.
September 23, 1975.
Rehearing Denied October 9, 1975.
Certiorari Denied November 24, 1975.
*91 John D. MacFarlane, Atty. Gen., Edward G. Donovan, Sol. Gen., Denver, Dan B. Fahrney, Chief Deputy Dist. Atty., First Judicial Dist., Golden, for plaintiff-appellee.
Rollie R. Rogers, State Public Defender, Norman R. Mueller, Deputy State Public Defender, Denver, for defendant-appellant.
Selected for Official Publication.
STERNBERG, Judge.
Based upon an allegation that while confined to Camp George West following conviction of larceny of a motor vehicle, defendant had escaped, he was charged and convicted of the crime of escape in violation of § 18-8-208, C.R.S.1973. On appeal, he contends that proof was lacking of the material elements of the crime of escape. We disagree and therefore affirm the conviction.
Defendant's first contention is that Exhibits 1 through 4 were improperly admitted into evidence in that they were not properly authenticated pursuant to C.R.C.P. 44(a)(1). These exhibits were the only documentary evidence of his prior conviction and confinement. The defects complained of are that Exhibit 1, a copy of the mittimus which followed the larceny sentence, was not accompanied by the required certificate, and that although Exhibit 2, a copy of a copy of the original mittimus, and Exhibit 4, a copy of the original larceny judgment and sentence, were both accompanied by Exhibit 3, a copy of a double certification, they were nevertheless deficient in that the double certification failed to state that the exhibits were true and correct copies of the original. Furthermore, defendant asserts that although Exhibits 2 and 4 were identified by the testimony of the supervisor and head custodian of the criminal division of the Denver District Court, the double certification failed to recite that she had custody of the records, and thus they should not have been received in evidence.
Crim.P. 27 provides for proof of records "in the same manner as in civil cases." While C.R.C.P. 44(a)(1) establishes a method by which official records may be admitted into evidence as self-authenticating documents, it is not the exclusive method by which such documents can be introduced. C.R.C.P. 44(c) provides expressly that proof of official records may be made by any method authorized by law. In the instant case, Exhibits 1 through 4 were admitted into evidence together. These exhibits and the authenticity of the signatures thereon were personally identified in court by the head custodian of the records. This witness testified that Exhibits 2 and 3 were made by her in the regular course of business, and that it was among her regular duties to make such copies. Exhibit 1 was further identified by the supervisor of classification records at the Colorado State Penitentiary as a document regularly received from the court at the time the prisoner is received at the institution. This witness testified that this document was maintained under his supervision at the Colorado State Penitentiary pursuant to state statute, that the original could not be removed from those files, and that there *92 is a procedure to safeguard the accuracy of the records. Furthermore, he personally identified the defendant as the same person being held under the mittimus and testified that no other person was being held thereunder.
It is presumed in the absence of clear evidence to the contrary that a public official discharges his duties in a valid and regular manner. See Town of Frisco v. Brower, 171 Colo. 441, 467 P.2d 801. We conclude that since no such contrary evidence was produced in this case, and since these exhibits were duly authenticated by their respective custodians, they were properly admitted into evidence.
Defendant next urges that the trial court erred in denying his motion for judgment of acquittal, in that the evidence was insufficient to establish beyond a reasonable doubt the material element of lawful custody. Under Colorado law, "escape" is defined as "the voluntary departure from lawful custody by a prisoner with the intent to evade the due course of justice." Gallegos v. People, 159 Colo. 379, 411 P.2d 956. And, evidence of a prior conviction is an essential element of the crime of escape after conviction. See Schwickrath v. People, 159 Colo. 390, 411 P.2d 961; and Ruark v. People, 164 Colo. 257, 434 P.2d 124. However, the sentence imposed on defendant as shown in a mittimus is prima facie evidence of the fact that defendant was being punished for a felony. People v. Austin, 162 Colo. 10, 424 P.2d 113.
Hence, in the instant case, since we have held that the documents pertinent to the larceny conviction were properly introduced into evidence, a prima facie case was established that defendant was confined to the Colorado State Penitentiary under a lawful conviction. Moreover, several witnesses testified from personal knowledge that defendant was not discharged prior to the date of the escape, that defendant was transferred to Camp George West for a special visit on the day of the escape, that defendant was in custody and confined to Camp George West on that day, that defendant had no permission or authority to leave Camp George West, and that after August 7, 1973, defendant was not seen again at Camp George West. Consequently, a prima facie case was shown; as stated in Ruark v. People, supra, where "the state proves on its case in chief acts from which the jury may properly infer the elements of a crime, then the state has made a `prima facie' case impregnable against a motion for acquittal."
Finally, alleging that his conviction for larceny of a motor vehicle was reversed by the Colorado Supreme Court prior to trial on this escape charge, defendant contends that his conviction for escape must be reversed. In People v. Rivera, Colo., 524 P.2d 1082, which was an appeal by this defendant from a denial without hearing of his petition for postconviction relief under Crim.P. 35(b), the Supreme Court remanded the case to the trial court for the purpose of holding a hearing on the petition. However, even if that case had constituted a reversal of defendant's conviction on the merits, which it did not, it would not constitute a defense to the escape charge.
"[A]n alleged error or irregularity. . . in judicial proceedings leading to conviction and confinement does not so invalidate the judgment and the confinement as to justify escape. The prisoner's remedy is to seek judicial relief from the claimed illegal incarceration." State v. Handran, 92 Idaho 579, 448 P.2d 193. A similar rule is enunciated in many other cases. See, e. g., Beaulieu v. Maine, 161 Me. 248, 211 A.2d 290; New Mexico v. Lopez, 79 N.M. 235, 441 P.2d 764. Here, defendant was serving a validly imposed sentence at the time of his escape, and thus his unauthorized departure from custody subjected him to this prosecution.
Judgment affirmed.
SILVERSTEIN, C. J., and Van CISE, J., concur.