**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Wesley MASSEY, Defendant-Appellant.**

**No. 77–1029.**

Colorado Court of Appeals, Div. III.

July 24, 1980.

Rehearing Denied Sept. 18, 1980.

Certiorari Granted Feb. 17, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Wesley Massey appeals his conviction of escape and his enhanced sentencing under the habitual criminal statute. He argues that the trial court erred in failing properly to instruct the jury on the elements of escape, in denying his motion for change of venue, in denying his motion for a mistrial during jury voir dire, in failing to suppress all references to his arrest, and in improperly instructing on the habitual criminal allegation. We affirm.

Massey challenges the court's instruction on the elements of escape because it failed to define "felony" as an element of the offense and because it failed to specify that the People must show a voluntary departure from lawful custody. We disagree.

Escape is a class 3 felony if it occurs while the defendant is confined under a sentence following conviction of a felony other than a class 1 or class 2 felony. The trial court took judicial notice that the mittimus under which Massey was confined concerned crimes which were felonies but not class 1 or class 2 felonies. This determination was one appropriately made by the trial court, making an instruction to the jury defining "felony" unnecessary. *Cf.*

*People v. Austin*, 162 Colo. 10, 424 P.2d 113 (1967). Furthermore, the court instructed the jury as to the elements of escape, including the culpable mental state required, in the language of the statute. *People v. Bowen*, 182 Colo. 294, 512 P.2d 1157 (1973).

Massey's argument that the trial court erred in refusing to grant his change of venue motion because of extensive publicity regarding the escape is without merit. The publicity was not so massive, pervasive, and prejudicial as to cause a reasonable likelihood that the defendant would be deprived of a fair trial in Fremont County. *See People v. McCrary*, 190 Colo. 538, 549 P.2d 1320 (1976). While some of the jurors were familiar with the events, a review of the voir dire transcript shows that the jurors actually seated were impartial. *See People v. McCrary, supra.*

Massey's contention that the trial court should have granted his motion for a mistrial after a prospective juror, who was later excused for cause, related information that she had obtained from her husband, a prison guard acquainted with the defendant, is also without merit. The trial court gave the jury an immediate curative instruction to disregard the statement. *People v. Goldsberry*, 181 Colo. 406, 509 P.2d 801 (1973).

We have reviewed Massey's attack on his habitual criminal adjudication and find it to be without merit. *See People v. Gimmy*, 44 Colo.App. 352, 620 P.2d 42 (1980), *affirmed*, 645 P.2d 262 (1982). Finally, in his challenge to the admission of testimony that he was arrested, Massey has failed to demonstrate prejudice, *see* Crim.P. 52(a), since the testimony was limited to the fact that he was arrested and the location of the arrest. *Cf. Allarid v. People*, 162 Colo. 537, 427 P.2d 696 (1967).

Judgment affirmed.

RULAND and BERMAN, JJ., concur.