The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Richard VELARDE and John Edward
Vigil, Defendants-Appellants.

No. 78–371.

Colorado Court of Appeals,
Div. III.

March 26, 1981.

Rehearing Denied April 16, 1981.

Certiorari Granted June 15, 1981.

Stuart A. Van Meveren, Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Francis H. Oldham, Deputy Dist. Atty., Fort Collins, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, Jonathan L. Olom, Sp. Deputy State Public Defender, Denver, for defendants-appellants.

KELLY, Judge.

The defendants were convicted of felonious escape under § 18–8–208(3), C.R.S.1973 (1978 Repl.Vol. 8). Among their assertions on appeal, they argue that there was insufficient evidence to support their convictions. We agree and reverse.

On October 3, 1976, Officer Carl Cooper, pursuant to a theft investigation, arrested the defendants and brought them to the Estes Park Police Station. The following day, while still being detained at the police station, defendant Velarde became ill. Cooper took both defendants to the Poudre Valley Hospital in Fort Collins. While at the hospital, both defendants escaped. They were recaptured shortly thereafter.

At the trial on the escape charge, Cooper testified that at the time of the escape, the defendants were being held for felony theft. The People introduced no other testimony that a felony had been committed.

Defendants argue that to obtain a conviction of felonious escape under § 18–8–208(3), the prosecution must prove that the defendants were in fact being held for a felony offense, and that more than the testimony of the investigating officer must be presented to prove that fact. We agree.

Section 18–8–208(3), C.R.S.1973 (1978 Repl.Vol. 8), states:

"A person commits a Class 4 felony if, while being in custody or confinement and held for or charged with but not convicted of a felony, he knowingly escapes from said custody or confinement."

For a conviction under this statute to be sustained, there must be evidence that a felony was committed and that defendant was being held for that felony when he escaped. *See People v. Austin*, 162 Colo. 10,

424 P.2d 113 (1967); *Schwickrath v. People*, 159 Colo. 390, 411 P.2d 961 (1966). Moreover, since the classification of the offense of escape is determined by the nature of the underlying crime for which defendant is being held, it is essential that the specific offense upon which the confinement is premised be shown. *See generally Henson v. People*, 166 Colo. 428, 444 P.2d 275 (1968). Accordingly, we hold that, in order to establish the crime of escape under § 18–8–208(3), C.R.S.1973 (1978 Repl.Vol. 8), the People must show beyond a reasonable doubt that a specific felony has occurred, and that defendant was being held for commission of that felony when he escaped.

Here, Cooper's conclusory testimony that the defendants were being held for felony theft was merely a statement of the ultimate fact to be proven. *Cf. Brown v. District Court*, 197 Colo. 219, 591 P.2d 99 (1979). Such testimony is not sufficient to sustain the convictions. *See State v. Stallings*, 267 N.C. 405, 148 S.E.2d 252 (1966).

In view of this conclusion, we need not address defendants' other assignments of error.

Judgments reversed and causes remanded with directions to dismiss the information and discharge the defendants.

KIRSHBAUM, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting:

I respectfully dissent.

For one to be convicted of the crime of felonious escape the statute requires proof that he was "in custody or confinement and held for or charged with but not convicted of a felony" and knowingly escaped. In my view Officer Cooper's testimony established a *prima facie* case of all necessary elements of the crime. *Cf. People v. Rivera*, 37 Colo. App. 4, 542 P.2d 90 (1975). There was no evidence to rebut this testimony.

Consequently, I would affirm the conviction.