**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Richard VELARDE and John Edward Vigil, Respondents.**

**No. 81SC143.**

Supreme Court of Colorado, En Banc.

Feb. 7, 1983.

---

**954**

Stuart A. VanMeveren, Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Francis H. Oldham, Chief Deputy Dist. Atty., Fort Collins, for petitioner.

J. Gregory Walta, Colo. State Public Defender, Jonathan L. Olom, Sp. Deputy State Public Defender, Denver, for respondents.

HODGES, Chief Justice.

We granted certiorari to review the court of appeals' opinion in *People v. Velarde,* 630 P.2d 100 (Colo.App.1981). This case involves defendants Richard Velarde and John Edward Vigil, whose convictions for felony escape were reversed by the court of appeals on the ground that the evidence of the underlying felonies for which they were arrested was insufficient as a matter of law. We disagree and therefore reverse the judgment of the court of appeals.

Defendants Velarde and Vigil were charged under section 18–8–208(3), C.R.S. 1973 (1978 Repl.Vol. 8) with felonious escape from custody while being held for felony theft. An officer of the Estes Park Police Department arrested the defendants in conjunction with a theft from an Estes Park gasoline station. The day after their arrest, because of illness, both defendants were taken to the Poudre Valley Hospital in Fort Collins, where Larimer County Sheriff's Officers took custody. While at the hospital, both defendants escaped and were apprehended later.

At the jury trial on the escape charges the arresting police officer testified he had investigated the scene of the theft and ascertained that the crime committed was a felony. He also obtained descriptions of the perpetrators and this information was dispatched to police units in the area. About an hour later a report was received that persons matching the descriptions of the perpetrators had been observed. The police officer responded, contacted the defendants, and arrested them for felony theft. The defendants were both advised several times that they were being arrested and held for felony theft, according to the police officer's testimony. The defendants were found guilty of felonious escape,[1] and appealed their convictions.

In reversing these convictions, the court of appeals held that the testimony of the police officer, who conducted the investigation at the scene of the alleged felony theft and later arrested these defendants and had them incarcerated on the charges of felony theft, was insufficient to establish that the defendants, at the time of escape, were being held for the alleged commission of a felony.

The court of appeals' holding is contrary to the actual language of the statute and contrary to its fundamental purpose. The felony escape statute, section 18–8–208(3), C.R.S.1973, provides:

"A person commits a class four felony if, while being in custody or confinement

---

**1.** Subsequent to this trial both defendants were convicted of the underlying offense of felonious theft.

and held for or charged with *but not convicted of a felony,* he knowingly escapes from said custody or confinement." [Emphasis added.]

Contrary to the holding of the court of appeals, proof beyond a reasonable doubt that the underlying felony was committed is not required by the language of this statute. The testimony of the police officer clearly established that the defendants were being *held for* or *charged* with a felony at the time they escaped and there was no evidence introduced to rebut this testimony. In finding both defendants guilty of felony escape, the jury obviously regarded this testimony as evidence beyond a reasonable doubt that each and every element of the felony escape charge was established. Our review of this record reveals ample support for the jury conviction of these defendants. Under this statute proof beyond a reasonable doubt is required only to show a defendant is in custody, is being "held" for a felony, and he knowingly escaped from confinement or custody.

The purpose of the felonious escape statute is to deter and punish an escape while a defendant is being held for another felony. Even where a defendant may later be found not guilty of the underlying felony, his conviction for escape would be upheld. The fundamental purpose of the statute is to prevent the evasion of the due course of justice. *See generally Gallegos v. People,* 159 Colo. 379, 387, 411 P.2d 956, 960 (1966); *People v. Rivera,* 37 Colo.App. 4, 7, 542 P.2d 90, 92 (1975).

The defendants in arguing for reversal of their convictions state that the police officer's testimony that the underlying crime was a felony theft was his conclusion based on hearsay and therefore inadmissible. This contention is rejected and we hold that the trial court properly admitted the testimony on the ground that it was within the officer's personal knowledge as to the felony nature of the crime he investigated, and that he arrested these defendants for committing this crime. *See* Committee Comment, C.R.E. 704, C.R.S.1973 (1982 Supp. to Vol. 7B); *Town of Meeker v. Fairfield,* 25 Colo.App. 187, 136 P. 471 (1913). The felony escape statute specifies a defendant is in violation if he escapes when in custody after being arrested for a felony. The testimony of the police officer was unequivocal that both defendants were arrested for felony theft. The ultimate decision as to the exact nature of the underlying crimes is not relevant.[2]

The remaining ground for reversal argued to the court of appeals is without merit.

The judgment of the court of appeals is reversed.

---

2. *See, e.g., People v. Rivera,* 37 Colo.App. 4, 542 P.2d 90 (1975); N.Y. Penal Law § 205.10(2) (McKinney 1975); *People ex rel. Dixon v. Snyder,* 259 A.D. 760, 18 N.Y.S.2d 171 (1940); *People v. Evans,* 85 Misc.2d 1088, 379 N.Y.S.2d 912 (1975); *State v. Reeves,* 199 Neb. 725, 261 N.W.2d 110 (1978); *Commonwealth v. Giordano,* 8 Mass.App.Ct. 590, 395 N.E.2d 896 (1979).