The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Jose Porfirio CARABAJAL, Defendant-Appellant.

No. 84CA1378.

Colorado Court of Appeals, Div. II.

Feb. 20, 1986.

Rehearing Denied March 20, 1986.

Certiorari Denied June 2, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant, Jose Porfirio Carabajal, appeals a sentence imposed beyond the presumptive range upon a judgment of conviction which was entered on defendant's guilty plea to second degree burglary. We affirm.

Pursuant to a plea agreement, defendant entered a plea of guilty to second degree burglary, a Class 4 felony, in exchange for the dismissal of one count of theft and three habitual criminal charges. The presentence report showed that defendant had been convicted of five prior felonies and had completed his last sentence two months prior to his arrest in this matter.

At the time of sentencing, defendant argued that three of his five prior felonies should not be considered by the court because they were obtained in an unconstitutional manner. Defendant tendered transcripts of the providency hearings from two Colorado convictions and one New Mexico conviction.

The court did not make findings on the constitutionality of the prior convictions, but instead found that the defendant's prior conduct as a whole constituted an extraordinary aggravating factor regardless of the constitutionality of the prior convictions. The court then imposed the maximum sentence of eight years.

Defendant contends the trial court impermissibly relied on unconstitutionally ob-

tained convictions as extraordinary aggravating factors supporting a sentence beyond the presumptive range. We do not agree.

■ It is true, as defendant argues, that a prior conviction obtained in violation of a constitutional right of the accused cannot be used in a subsequent criminal proceeding to enhance punishment. *Watkins v. People*, 655 P.2d 834 (Colo.1982). The People assert, however, that this precept was not violated because here, the sentencing judge did not enhance the sentence in reliance on the challenged convictions. We agree.

The convictions themselves were not the basis of the court's findings and conclusions. Rather, the court stated:

"At any rate, ... even if the Court were to decide that some of the [five] prior felony convictions ... were improperly obtained, still the Court finds that ... [t]here were still sentences imposed ... [and there were] difficulties in performing the requirements of the sentences, and problems ... relating to escapes and parole violations in the past, and the Court finds that the whole of those proceedings, whether the Court counts [them] as conviction[s] or not, [constitute a] substantially aggravated circumstance in the matter.

"It is obvious to the Court that the defendant has been through a number of proceedings relating to similar ... conduct as to this and on other occasions different offenses. He's been through various remedial sanctions in an effort to force his behavior to comply with the law. This has been an ongoing problem constantly since 1978 with the repeated acts almost every year since then that has gotten him into trouble with the law, and the Court simply cannot ignore that even if it were not [aware] of the prior offenses as convictions in this matter."

The court's statement leads us to conclude that it considered defendant's failure to meet the terms of the previously imposed sentences as being an extraordinary aggravating circumstance. We perceive no error in the court so doing.

■ Just as a defendant may not justify an escape on the basis that it occurred while he was serving a wrongful sentence, *see People v. Rivera*, 37 Colo.App. 4, 542 P.2d 90 (1975), so too here, a defendant may not prohibit a court from considering his failure to comply with a previous sentence on the basis that such sentence was constitutionally defective.

The sentence is affirmed.

SMITH and BABCOCK, JJ., concur.