The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Angelo BENZOR, Defendant–Appellant.

No. 02CA2354.

Colorado Court of Appeals,
Div. A.

July 1, 2004.

Certiorari Denied Oct. 25, 2004.*

* Justice HOBBS does not participate.

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Angelo Benzor, appeals the judgment of conviction entered upon a jury verdict finding him guilty of escape. He also appeals his adjudication on three counts of being a habitual criminal. We affirm.

## I. Mens Rea of Knowingly

Defendant contends that the trial court erred in rejecting his tendered jury instruction concerning the mens rea of knowingly as it applies to the elements of escape. Specifically, he argues that the jury should have been instructed that it was required to find beyond a reasonable doubt that he knew he had been convicted of a felony at the time of his escape. The People argue that the placement of the mental state "knowingly" after the element of "following a conviction of a felony" and before the element of "escapes from custody or confinement" evidences the General Assembly's intent to limit the culpable mental state only to the conduct element of the offense. We agree with the People.

A trial court has a duty to instruct a jury properly concerning each element of an offense. *People v. Salazar*, 920 P.2d 893 (Colo.App.1996). Generally, elemental jury instructions phrased in the language of the statute are sufficient. *People v. Gallegos*, 950 P.2d 629 (Colo.App.1997).

If a statute defining an offense prescribes as an element of the offense a specified mental state, that mental state is deemed to apply to every element of the offense unless an intent to limit its application clearly appears. Section 18–1–503(4), C.R.S.2003; *People v. Coleby*, 34 P.3d 422 (Colo.2001).

The interpretation of a statute is a question of law subject to de novo review. *Hendricks v. People*, 10 P.3d 1231 (Colo. 2000); *Dunlap v. Colo. Springs Cablevision, Inc.*, 855 P.2d 6 (Colo.App.1992). In construing a statute, we give effect to the intent of the legislature by looking first to the language of the statute. The words and phrases used are to be read in context and accorded their plain meaning. *Vega v. People*, 893 P.2d 107 (Colo.1995).

■ The mens rea of a statute may apply to conduct, circumstances, result, or any combination thereof, but not necessarily to all three. *Copeland v. People*, 2 P.3d 1283 (Colo.2000).

Under § 18–8–208(2), C.R.S.2003, a person commits escape as a class three felony if, "while being in custody or confinement following conviction of a felony other than a class 1 or class 2 felony, he knowingly escapes from said custody or confinement."

Here, defendant tendered a jury instruction:

With regard to the culpable mental state in this case, you must find beyond a reasonable doubt that [defendant] knew or was aware that he had been convicted of a felony at the time of his departure from the Weld County Jail Work Release Facility in order to convict him of Escape (following felony conviction).

The court rejected the tendered instruction, finding that "the element of 'knowingly' does not apply to the defendant's awareness of the class of offense for which he was serving a sentence at the time of his escape."

Instead, the court instructed the jury concerning the elements of escape following felony confinement using CJI–Crim. 26:11 (1983) and following the language of § 18–8–208(2):

1. That the defendant

2. in the State of Colorado, at or about the date and place charged,

3. was in custody or confinement

4. following conviction of a class 4 felony, to wit: Criminal Mischief [and]

5. knowingly escaped from custody or confinement.

Here, in the statute and the jury instruction tracking the language of the statute, the mental state "knowingly" appears after the "following a conviction of a felony" element and before the "escapes from said custody or confinement" element. Such placement is indicative of the General Assembly's intent that the mental state "knowingly" apply only to the conduct element of the crime of escape following conviction. *See Copeland v. People, supra* (based on structure and language of the fourth degree arson statute, mental

state "knowingly" applied only to conduct element of offense); *People v. Rivas*, 77 P.3d 882 (Colo.App.2003)(based on structure of statute defining offense of engaging in a riot, mental state "knowingly" did not apply to sentence enhancing element of employing a deadly weapon); *see also People v. Marquez*, —— P.3d ——, 2004 WL 1469357 (Colo.App. No. 02CA0204, July 1, 2004)(crimes with lesser mental state than knowingly can support liability for first degree aggravated motor vehicle theft under § 18–4–409(2)(d)—using stolen vehicle in commission of crime—even though offender must have "knowingly" exercised unauthorized control over vehicle).

Further, the severity of the punishment following a conviction for escape is dependent upon the level of prior felony conviction. Thus, the prior conviction element is a sentence enhancer because one who escapes from custody or confinement has completed the offense of felony escape without proof of the felony level of the prior offense.

■ Moreover, although evidence of a prior conviction has been determined to be an essential element of the offense of escape, *People v. McKnight*, 626 P.2d 678 (Colo. 1981), it is significant that the supreme court has not determined that a defendant must have knowledge of the prior conviction or the felony level of the conviction. Rather, evidence of the fact of a prior conviction is sufficient to sustain the defendant's conviction of escape following felony confinement. *See Massey v. People*, 649 P.2d 1070 (Colo. 1982); *People v. McKnight, supra; People v. Austin*, 162 Colo. 10, 424 P.2d 113 (1967); *Schwickrath v. People*, 159 Colo. 390, 411 P.2d 961 (1966); *Ruark v. People*, 158 Colo. 287, 406 P.2d 91 (1965).

Therefore, we conclude that the mental state of knowingly applies only to the defendant's conduct of escaping from custody or confinement. Thus, the trial court properly rejected defendant's tendered instruction.

## II.  Habitual Criminal Statute

■ Defendant contends that habitual criminal statute, § 18–1.3–801, C.R.S.2003, is unconstitutional because it deprives him of his Sixth Amendment right to trial by jury.

Specifically, he argues that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), eliminates the prior conviction exception recognized in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and therefore, the issue of whether defendant is a habitual criminal should have been pleaded and proved to a jury. We do not agree.

■ Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey, supra*, 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455.

In *People v. Carrasco*, 85 P.3d 580 (Colo. App.2003), a division of this court rejected a similar argument. The division determined that, although a prior conviction is an aggravating circumstance in three of the factors listed in the Arizona death penalty statute, the defendant in *Ring* had no aggravating circumstances related to past convictions and therefore did not challenge the validity of the prior conviction exception. The division then determined that because the prior conviction exception has not been overruled or limited, it remains viable. We agree with the reasoning in *Carrasco* and conclude that it is dispositive of defendant's contention. *See also In re Smith*, — So.2d ——, 2003 WL 1145475 (Ala. No. 1010267, Mar. 14, 2003)(same conclusion).

■ The prior conviction exception permits the trial court to make findings regarding prior convictions. Therefore, there is no right to a jury trial in habitual criminal proceedings. Thus, § 18–1.3–801 does not deprive defendant of his Sixth Amendment right to trial by jury and is not unconstitutional. *People v. Johnson*, 74 P.3d 349 (Colo. App.2002).

### III.  Sufficiency of Evidence

■ Defendant contends that even if § 18–1.3–801 is constitutional, the evidence presented was insufficient to prove the habitual criminal counts. We disagree.

■ In considering a challenge to the sufficiency of the evidence, a reviewing court must determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support the conclusion by a reasonable person that the defendant is guilty of the offense charged beyond a reasonable doubt. The evidence, whether direct or circumstantial, must be both substantial and sufficient to support the determination of guilt. *People v. Christian*, 632 P.2d 1031 (Colo.1981); *People v. Carrasco, supra*.

■ In a habitual criminal proceeding, the prosecution has the burden of proving beyond a reasonable doubt that the accused is the person named in the prior convictions. *People v. Carrasco, supra*.

Although offering evidence of fingerprint cards and expert testimony linking the prints to the defendant is a valid method for proving identity, it is not the only method. Section 18–1.3–802, C.R.S.2003; *De Gesualdo v. People*, 147 Colo. 426, 364 P.2d 374 (1961)(for example, the sheriff in previous trials could identify defendant as the one referred to in authenticated documents); *People v. Bernabei*, 979 P.2d 26 (Colo.App.1998).

Here, the prosecution offered eyewitness testimony of the detective who investigated other cases involving defendant and arrested him in one of the cases. The detective testified that he had attended every providency hearing and sentencing hearing involving defendant on the underlying charges. The detective identified defendant as the same person who pleaded guilty and was sentenced in each of the three cases. The prosecution also presented certified copies of the judgments of conviction in the three cases and the providency and sentencing hearings transcripts.

We conclude that the identification by the detective that defendant was the person convicted and sentenced in the three cases and the authenticated documents presented by the prosecution were sufficient to support the trial court's finding that defendant had previously been convicted of three felonies.

The judgment is affirmed.

Judge STERNBERG ** and Judge NEY * concur.