24CA0028 Peo v Tegtmeier 12-18-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0028
Weld County District Court No. 22CR1675
Honorable Timothy Kerns, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Cody Alexander Tegtmeier,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE MEIRINK
Fox and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 18, 2025

Philip J. Weiser, Attorney General, Sonia Raichur Russo, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Joshua Martin, Alternate Defense Counsel, Grand Junction, Colorado, for
Defendant-Appellant

¶ 1     After being arrested, defendant, Cody Alexander Tegtmeier, broke free from his restraints and escaped from the back of a patrol car. He was charged with and convicted of several offenses, including felony escape. On appeal, Tegtmeier argues that the trial court erred when it failed to instruct the jury that petty offense escape is a lesser included offense of felony escape. We affirm.

## I.     Background

¶ 2     In October 2022, law enforcement officers responded to a report of theft in progress. The officers learned that two suspects — a male and a female — were riding stolen bikes through an alley. When Officer Anna Marie Cuney and Corporal Joshua Goddard arrived, they saw two bikes leaned up against a building and a female standing next to a car.

¶ 3     Cuney looked through the car's windshield and saw Tegtmeier, who was known to police, slumped in the driver's seat. Cuney saw Tegtmeier reach into the center console to begin loading what appeared to be a pipe. Cuney knocked on the window and opened the passenger's side door. Cuney ordered Tegtmeier out of the car, but he ignored her and continued to dig in the center console. Cuney saw knives, a glass pipe, and what appeared to be a syringe

1

in the center console.  Tegtmeier also had a baseball bat and a hammer near the driver's side of his car.

¶ 4      Cuney then pulled Tegtmeier out of the vehicle, and she and Goddard placed him in handcuffs.  The officers told Tegtmeier that he was "in custody" and conducted a pat down search and found drug paraphernalia in Tegtmeier's pants.  Goddard also found brass knuckles in Tegtmeier's right pocket.  Police body camera footage reflects that both officers were physically holding on to Tegtmeier.

¶ 5      Once Goddard found the brass knuckles, he told Tegtmeier that he was "detained now."  While handcuffed, Tegtmeier kicked Goddard at least twice in the hand, which, Goddard testified, caused pain and injury.  In response, Goddard said, "You're going to get charged with a f****** felony."  The officers wrestled Tegtmeier to the ground and restrained his hands and feet because he continued to disobey orders and was combative.  He was then placed in the back of the patrol car, where he continued to struggle.  Officer Goddard testified that he informed Tegtmeier at this point that he "was under arrest for kicking [him]."  While Tegtmeier was in the patrol car, the officers searched his car and discussed what charges to recommend.  While the officers searched his car,

2

Tegtmeier released himself from his restraints and fled from the patrol car. Police chased Tegtmeier, regained control of him, and returned him to the patrol car.

¶ 6 Tegtmeier was charged with second degree assault, felony escape, two counts of misdemeanor resisting arrest, possession of an illegal weapon, unlawful possession of a controlled substance,[1] criminal mischief, and possession of drug paraphernalia.

¶ 7 At trial, the court instructed the jury that third degree assault was a lesser included offense of second degree assault. Tegtmeier asked the court to instruct the jury that petty offense escape was a lesser included offense of felony escape, but, after a lengthy discussion, the court rejected the instruction. The court offered to instruct the jury that petty offense escape was a lesser nonincluded offense of felony escape, but defense counsel declined. The court provided a jury instruction for only felony escape.

¶ 8 Tegtmeier was convicted of third degree assault, felony escape, both counts of resisting arrest, possession of an illegal weapon,

---

[1] The prosecution later dismissed this charge.

criminal mischief, and possession of drug paraphernalia. He appeals only his felony escape conviction.

## II. Discussion

¶ 9    Tegtmeier argues that the trial court reversibly erred by refusing to instruct the jury on petty offense escape as a lesser included offense of felony escape and that the jury should have determined the underlying offense for which he was being held under the escape statute. We disagree.

### A. Tegtmeier Did Not Establish that Petty Offense Escape is a Lesser Included Offense of Felony Escape

¶ 10    Tegtmeier argues that, as a matter of law, petty offense escape under section 18-8-208(5), C.R.S. 2025, is a lesser included offense of felony escape under section 18-8-208(3). Alternatively, he argues that, as a matter of fact, because third degree assault is a lesser included offense of second degree assault, third degree assault could have formed the basis for petty offense escape, which entitled him to an instruction that petty offense escape is a lesser included offense of felony escape. We disagree with both contentions and address each in turn.

### 1. Standard of Review and Applicable Law

¶ 11    "Whether an offense is a lesser included offense of another requires statutory interpretation and therefore poses a legal question that we review de novo." *People v. Pellegrin*, 2021 COA 118, ¶ 60 (citation omitted), *aff'd*, 2023 CO 37.  In construing a statute, our primary purpose is to ascertain and give effect to the legislature's intent.  *McCoy v. People*, 2019 CO 44, ¶ 37.  "To do so, we look first to the language of the statute, giving its words and phrases their plain and ordinary meanings." *Id.*  We read these words and phrases in context, and we construe them according to the rules of grammar and common usage.  *People v. Cali*, 2020 CO 20, ¶ 15.

¶ 12    A person commits felony escape if, "while being in custody or confinement and held for or charged with but not convicted of a felony, he knowingly escapes from said custody or confinement." § 18-8-208(3).  A person commits petty offense escape if, "while being in custody or confinement and held for or charged with but not convicted of a misdemeanor or petty offense or violation of a municipal ordinance, he or she knowingly escapes from said custody or confinement."  § 18-8-208(5).

5

¶ 13    A crime is a lesser included offense if it (a) is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (b) consists of an attempt or solicitation to commit the offense charged or to commit an offense otherwise included therein; or (c) differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission. § 18-1-408(5), C.R.S. 2025.

### 2.    Analysis

¶ 14    Tegtmeier contends that petty offense escape under section 18-8-208(5) is a lesser included offense of felony escape under section 18-8-208(3) because the offenses are indistinguishable except for the level of the offense that caused the custody or confinement. Tegtmeier contends that petty offense escape involves a "lesser kind of culpability" under section 18-1-408(5)(c). In support, he mentions that "misdemeanor or petty offense inherently involves a lesser kind of culpability and that is the reason for the disparate classifications of the offenses," but Tegtmeier doesn't develop this argument. For example, he doesn't indicate how

culpability for felony escape differs from culpability for petty offense escape when the mens rea for both is "knowingly," § 18-8-208(3), (5), or whether "culpability" encompasses something different, § 18-1-408(5)(c).[2] Without more than a conclusory assertion, this is an undeveloped argument that we decline to address. *See People v. Liggett*, 2021 COA 51, ¶ 53 (we do not address undeveloped arguments), *aff'd*, 2023 CO 22; *see also Castillo v. Koppes-Conway*, 148 P.3d 289, 291 (Colo. App. 2006) ("Our [c]ourt will not search through briefs to discover what errors are relied on[] and then search through the record for supporting evidence. It is the task of counsel to inform us, as required by our rules, both as to the specific errors relied on and the grounds and supporting facts and authorities therefor." (quoting *Mauldin v. Lowery*, 255 P.2d 976, 977 (Colo. 1953))).

---

[2] In his reply brief, Tegtmeier contends that felonies have potentially harsher penalties than misdemeanors and that culpability can mean punishment, not just mens rea, but we do not consider arguments raised for the first time in a reply brief. *See Meadow Homes Dev. Corp. v. Bowens*, 211 P.3d 743, 748 (Colo. App. 2009) (declining to consider an argument the appellant raised on appeal for the first time in its reply brief).

¶ 15    Next, Tegtmeier contends that because third degree assault is a lesser included offense of second degree assault, he was entitled to a petty offense escape instruction as a lesser included offense of felony escape.  The court did instruct the jury that third degree assault was a lesser included offense of second degree assault, but it declined to do the same with petty offense escape (based on Tegtmeier's underlying confinement for third degree assault) as a lesser included offense of felony escape.

¶ 16    The court twice asked defense counsel for evidence in the record supporting the claim that Tegtmeier was being held for or charged with third degree assault, as required by the escape statute.  Both times, however, defense counsel was unable to provide evidence supporting an instruction that Tegtmeier was being held for third degree assault.  Because the People only charged Tegtmeier with second degree assault, and because third degree assault wasn't mentioned until defense counsel requested its consideration as a lesser included offense of second degree assault, third degree assault could not form the basis for the escape charge as the offense that Tegtmeier was "held for or charged with."  Thus,

third degree assault could not have formed the basis for considering petty offense escape as a lesser included offense of felony escape.

¶ 17    Although the court declined to give a lesser included offense instruction, it offered to instruct the jury that petty offense escape was a lesser, *nonincluded* offense of felony escape, which would have allowed the jury to consider petty felony escape independently, but defense counsel declined after conferring with Tegtmeier.

¶ 18    Because the statute and the jury instructions require an escape charge to be predicated on an underlying offense, which in this case was second degree assault, we conclude that the court did not err by refusing to instruct the jury that petty offense escape was a lesser included offense of felony escape.

### B.    Second Degree Assault was the Underlying Offense for Felony Escape

¶ 19    Tegtmeier contends that because he was charged with multiple offenses, it was unclear if he was being held for a misdemeanor or a felony for purposes of applying the escape statute.  He claims that the question should have gone to the jury, which could have considered petty offense escape as a lesser included offense of

felony escape. We disagree and conclude that the court's jury instructions were proper.

## 1. Additional Facts

¶ 20 After the close of evidence, the court and the parties had a lengthy discussion regarding the jury instructions for the escape charge. During this discussion, defense counsel pointed out that the difference between felony and petty offense escape was whether Tegtmeier was in custody for a felony or a misdemeanor. While the prosecution argued that there was "no question" that Tegtmeier was charged with second degree assault at the time of the escape, the trial court was concerned with that assessment because "[it was] not an undisputed fact of law that the [court was] going to instruct the jury on."

¶ 21 Defense counsel further argued that the jury needed to decide what underlying offense Tegtmeier was in custody for, which would determine the classification of the escape charge. After defense counsel was unable to provide evidence that the escape charge was based on Tegtmeier being held for or charged with anything but second degree assault, however, the court ultimately instructed the jury that the elements of escape were

(1) that the Defendant;

(2) in the state of Colorado at or about the date and place charged;

(3) was in custody or confinement;

(4) while being held for or charged with, but not convicted of second degree assault; and

(5) knowingly;

(6) escaped from custody or confinement.

These instructions were based on section 18-8-208(3), the Colorado Model Criminal Jury Instructions, and the only felony Tegtmeier was charged with in the complaint.

### 2. Standard of Review and Applicable Law

¶ 22    A trial court has a duty to properly instruct the jury on the applicable law.  *People v. Jones*, 2018 COA 112, ¶ 24.  We review de novo whether the trial court's instructions, when read as a whole, correctly instructed the jury on the controlling law.  *Tibbels v. People*, 2022 CO 1, ¶ 22.  But we review "a trial court's decision to give, or not to give, a particular jury instruction for an abuse of discretion."  *People v. Payne*, 2019 COA 167, ¶ 16.  A court abuses its discretion when its ruling is manifestly arbitrary, unreasonable,

or unfair or when it is based on a misunderstanding or misapplication of the law. *People v. Knapp*, 2020 COA 107, ¶ 31.

¶ 23  Because the classification of escape is "determined by the nature of the underlying crime for which the defendant was held, it is essential that the specific offense upon which the confinement is premised be shown." *Massey v. People*, 649 P.2d 1070, 1073 (Colo. 1982). While a defendant may later be found not guilty of the underlying felony, "proof beyond a reasonable doubt is required only to show a defendant [was] in custody, [was] being 'held' for a felony, and he knowingly escaped from confinement or custody." *People v. Velarde*, 657 P.2d 953, 955 (Colo. 1983). Additionally, a defendant need not know "the class of the offense . . . at the time of his escape," only that he escaped from custody or confinement. *People v. Benzor*, 100 P.3d 5452, 544 (Colo. App. 2004).

### 3.   Analysis

¶ 24  On appeal, Tegtmeier claims that "law enforcement said [he] was in custody shortly after they pulled him out of his car" and that "he was in custody for brass knuckles," as well as "tampering with physical evidence and not listening to law enforcement's orders." Tegtmeier argues that, because it was unclear what offense he was

12

being held for, the jury should have decided whether he was being held for misdemeanors or a felony, and it should have been instructed that petty offense escape was a lesser included offense of felony escape.

¶ 25 This argument is misplaced for two reasons. First, law enforcement testified that Tegtmeier was told that he was under arrest for kicking Goddard, which amounted to a felony. Second, Tegtmeier didn't need to know that he was being held for or charged with a felony. As the *Benzor* division pointed out, the element of "knowingly" under the escape statute "does not apply to the defendant's awareness of the class of offense"; rather, it applies to whether he knowingly escaped from custody. At the time of the escape, Tegtmeier knew that he was in custody because he was told he was under arrest, he was physically restrained, and he was sitting in the back of a patrol car.

¶ 26 Further, this was not a situation where escape was predicated on multiple offenses. The People could have, but elected not to, bring multiple petty offense escape charges for each misdemeanor Tegtmeier was charged with. Instead, the People used only the second degree assault charge to form the underlying basis for felony

escape. *See People v. Wines*, 597 P.2d 1056, 1057 (Colo. App. 1979) ("[T]he seriousness of the crime of escape is determined by the classification of the original crime for which the defendant was in custody or confinement."); *see also Massey*, 649 P.2d at 1073 (recognizing that "the classification of the offense of escape is determined by the nature of the underlying crime for which the defendant was held").

¶ 27 Simply put, because second degree assault was the only offense underlying felony escape, the jury did not have to decide the offense for which Tegtmeier was being held. Rather, it only had to decide whether Tegtmeier was guilty of felony escape, which included as an element that he was "being held for or charged with, but not convicted of second degree assault."

¶ 28 Under these circumstances, we discern no error. The instructions provided an accurate framework for the jury's deliberations, and the verdict demonstrates that the jury applied those instructions as the law requires.

### III. Disposition

¶ 29 We affirm.

JUDGE FOX and JUDGE BROWN concur.